**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JOSEPH A. BLISS | ) CASE NO. 1:08 CV 1301 |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| vs. | ) |
| ARCHITRON SYSTEMS, INC., et al., | ) **MEMORANDUM OPINION** |
| Defendants. | ) |

This case is before the Court on Defendants' Motion to Transfer (ECF # 13). Plaintiff filed a Brief in Opposition to Defendants' Motion to Transfer (ECF # 17). For the reasons set forth below, the Defendants' Motion is GRANTED.

**I. Factual and Procedural Background:**

On December 15, 2006, Plaintiff, Joseph A. Bliss entered into a Stock Purchase Agreement with Defendant, Architron Systems, Inc. ("Architron") and its wholly-owned subsidiary XRF Technologies Group, Inc. ("XRF"). Architron is incorporated in Delaware with its principal place of business in Nevada. Byron del Castillo, Chief Executive Officer of Architron, and Swee-Gin Leong, President of Architron and XRF (collectively referred to as

"Defendants"), were also named as Defendants. WiFi Plus, Inc. ("WiFi") was owned by four shareholders including Joseph Bliss (10%), Jack Nilsson (30%), Allen Higgins (30%), and Dennis Broderick (30%). The Plaintiff resides in the Northern District of Ohio. WiFi's principal place of business is in the Northern District of Ohio. The Stock Purchase Agreement signed by Plaintiff and Defendants allowed Architron to acquire Plaintiff's shares of capital stock in WiFi.

On May 28, 2008, Plaintiff filed this action to recover damages rising from Defendants' alleged violations of state and federal securities laws and the common law of Ohio. Plaintiff alleged that Defendants fraudulently induced him to sell his ten percent share in WiFi stock. Plaintiff filed this action in the U.S. District Court for the Northern District of Ohio. On September 19, 2008, based upon a California forum selection clause in the Stock Purchase Agreement, Defendants filed a Motion to Transfer these proceedings to the U.S. District Court for the Central District of California. The Stock Purchase Agreement states that "[e]ach of the parties hereto submits to the jurisdiction of any state or federal court sitting in the City and County of Los Angeles, State of California.." In response, Plaintiff alleges that Defendants fraudulently induced Plaintiff to agree to the California forum selection clause. Specifically, Plaintiff alleges that Defendants misrepresented the location of Architron's business activities in an effort to convince him that the California forum selection clause was reasonable. Defendants deny these allegations. Plaintiff opposes Defendants' Motion for Transfer.

## II. Law and Analysis

Defendants filed a Motion to Transfer based upon the terms of a Stock Purchase Agreement signed by both parties and pursuant to Chapter 28 of the United States Code, §1404(a). Defendants seek enforcement of a forum selection clause that specifies the Central

District of California as the proper venue for all disputes. Defendants contend that the Stock Purchase Agreement's forum selection clause, as well as the §1404(a) factors, should compel this Court to grant Defendants' Motion to Transfer.

### A. Fraud in the Inducement

Plaintiff does not dispute that the Purchase Agreement contained a forum selection clause or that he agreed to the clause by signing the Agreement. Plaintiff challenges the enforceability of the clause. A forum selection clause should be enforced unless (1) it was obtained by fraud, duress, abuse of economic power, or other unconscionable means; (2) the chosen forum would be closed to the suit or would not handle it effectively or fairly; or (3) the transferee forum would be so seriously inconvenient that to require the plaintiff to bring suit there would be unjust. *Security Watch Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 374-75 (6th Cir.1999). A clause is invalid when there is "a showing that the alleged fraud or misrepresentation induced the party opposing a forum selection clause to agree to inclusion of that clause in the contract." *Moses Bus. Card Express*, 929 F. 2d 1131, 1138 (6th Cir. 1991).

In opposing Defendants' Motion to Transfer, Plaintiff alleges that he was induced into signing the Agreement based on fraudulent misrepresentations made by the Defendants. Plaintiff based his allegations on representations made by the Defendants in the course of negotiating the Stock Purchase Agreement. Plaintiff claims Defendants falsely stated that "a substantial part of [Architron]'s activities were centered in California". (EFC #17 at P. 6). "California was a significant center of the company's activities." *Id.* In addition, Plaintiff argues that Defendants represented that "a main manufacturing location was going to be established in [California]". *Id.* Plaintiff maintains that these statements caused him to believe that California was a reasonable

-3-

forum and that these representations induced him to agree to the clause.

Whether or not these statements by the Defendants were actual misrepresentations is a matter of dispute. Defendants still maintain that a substantial number of the parties associated with Architron reside in California. Defendants also assert that Architron's corporate records are located in California. Defendants' statements about Architron's possible future operations are not to be considered because they are speculative rather than fact. Defendants made general statements about the amount of company activity located in California. Although Plaintiff may have believed based on these statements that Architron's activities in California were "significant," these representations do not rise to the level of fraud in the inducement. Thus, Plaintiff has not made the requisite "showing" that the representations actually amounted to *fraud* that induced him to agree to the forum selection clause. The forum selection clause remains enforceable and will be examined in conjunction with the other factors.

### B. Section 1404(a) and the Forum Selection Clause

Absent fraud in the inducement, the Defendants' Motion to Transfer must be examined based on the forum selection clause and 28 U.S.C. § 1404(a) factors. Normally, the Plaintiff's choice of venue is given preference, but "the presence of a valid forum selection clause negates the presumption given to the plaintiff's choice of forum and shifts to the [plaintiff] the burden of proving that the transferee district is a superior venue to the transferor district." *Braman v. Quizno's*, 2008 WL 611607 *5, *citing*, *Bacik v. Peek*, 888 F.Supp. 1405, 1414 (N.D.Ohio 1993); *Travelers Property Cas. Co. of Am. v. Centimark Corp.*, No. 2:04-CV0916, 2005 WL 1038842 (S.D.Ohio May 3, 2005). See also *Stewart*, 487 U.S. at 29-30. The presence of a forum selection clause is no guarantee that a transfer will be granted. Instead, the clause is considered "a

-4-

significant factor that figures centrally in the district court's calculus" along with "weighing other case specific factors." *Stewart*, 487 U.S. at 29. "In performing this analysis, the Court must remain cognizant that 'while other factors might conceivably militate against a transfer [ ... ] the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors.'" *Braman*, at *5, citing, *In re Ricoh Corp.*, 870 F.2d 570, 573 (10th Cir.1989)(citations omitted).

Under Section 1404(a), as a threshold issue, the Court must determine whether this case could have been brought in California. If California is not a proper venue, then transfer must be denied. Plaintiff disputes Defendants' assertion that the Central District of California is a proper venue. Specifically, Plaintiff argues that California does not have jurisdiction over one of the Defendants, Byron del Castillo, because he is not a resident of California and was not a signatory party to the Stock Purchase Agreement. However, based on del Castillo's contacts with California and his position as CEO of Architron, he would be subject to jurisdiction in California to the same extent as he is subject to jurisdiction in Ohio. Accordingly, the Central District of California is a proper venue.

Under Section 1404(a) analysis, the Court must weigh several factors in conjunction with the forum selection clause in the Stock Purchase Agreement. Chapter 28 of the United States Code, Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This provision was intended "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Continental Grain Co. V. Barge F.B.L.-585*, 364 U.S. 19, 27 (1960). A district court has broad discretion to grant or deny a motion to transfer, so long as jurisdiction is proper in either court. *Phelps v. McClellan*, 30 F.3d

658, 663 (6th Cir. 1994)(citing *Cote v. Wadel*, 796, F.2d 981, 985 (7th Cir. 1986). Under § 1404(a), a district court considers the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.' *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).

### 1. Convenience of the Parties

Plaintiff is an Ohio resident. WiFi is an Ohio based corporation. Plaintiff claims that many of his witnesses reside in Ohio. On the other side, half of the members of the Architron Board of Directors reside in California. At the time of the agreement, Architron maintained an office in California. Defendants also claim that many their witnesses reside in California. Negotiations were held via telephone between parties in California. Architron's corporate records and the records of its subsidiaries are maintained in California. At the very least, witnesses reside in both Ohio and California. Therefore, wherever this case is conducted some of the witnesses will be inconvenienced. Where potential witnesses are located in various states, one venue is not necessarily preferable to another. *Delta Casket Enters. v. York Group*, No. Civ.A. 05-313-C, 2005 WL. 28987514, at *4 (W.D.Ky. Oct.31, 2005). The convenience of the parties and witnesses favors neither party.

### 2. Interest of Justice

Analysis of the private concerns comprising the "interest of justice" factor includes consideration of whether the forum selection clause at issue is mandatory or permissive. *Braman*, at *6, citing, First Solar, LLC v. Rohwedder, Inc.*, 2004 WL 2810105, at *2 (N.D.Ohio Dec.8, 2004). "If the contract has a permissive forum selection clause, then the interest of justice factor

-6-

would weigh against transfer. However, if the forum selection clause is mandatory, then, the interest of justice would weigh toward transfer." *Id.* A forum selection clause is mandatory if it clearly indicates that jurisdiction is proper only in the selected forum. By contrast, a permissive forum selection clause merely authorizes jurisdiction in the specified forum, but does not require that forum to be the exclusive venue for litigation. *Braman*, at *6, citing, *K & V Scientific Co. v. Bayerische*, 314 F.3d 494, 498 (10th Cir.2002). The forum selection clause in the Agreement is identified as "mandatory" and specifies: "Each party hereto also agrees not to bring any action or proceeding arising out of or relating to this Agreement in any other court." This statement in the clause makes California the exclusive and mandatory venue. The private interests favor transferring this case to California.

### 3. Public Interest Factors

"Public interest factors include the issues of congested dockets, concerns with resolving controversies locally, ...having the trial in a forum that is at home with the state law that must govern the case." *Id.* The Stock Purchase Agreement dictates that California law will govern all disputes: "This Agreement shall be governed by and construed in accordance with the domestic laws of the State of California." Because California law will be applied, a California court would more efficiently oversee this case. On the other side, Ohio has a greater interest in resolving a conflict between an Ohio resident and Defendants located in multiple states. Congestion of court dockets is not a foreseeable concern. The public interests weigh evenly between the parties.

### III. Conclusion

The Court cannot ignore the valid and enforceable mandatory forum selection clause. Ignoring the clause would fail to accord it the central role in the §1404(a) calculus which the

Supreme Court has prescribed. *Braman*, at *7, *See Stewart*, 487 U.S. at 29. The public has a strong interest in applying contracts as they are written. *Id.*, citing, *First Solar, LLC v. Rohwedder, Inc.*, 2004 WL 2810105 (N.D.Ohio 2004). After careful consideration of the forum selection clause and other relevant factors[1], this Court finds the clause along with the other factors compelling. Transfer of this action to the Central District of California is appropriate.

For the reasons set forth above, Defendants' Motion for Transfer (ECF #13) is GRANTED.

_____
Donald C. Nugent
UNITED STATES DISTRICT JUDGE

Date: December 1, 2008

---

[1] In the interest of fairness and justice, the Court has reviewed and fully considered the Plaintiff's Supplemental Affidavit in Further Opposition to Motion to Transfer (EFC # 23). Nonetheless, the Court's analysis and Order to transfer remains unchanged.